IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-57,874-04






EX PARTE TIMMIE GENE CROW, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 047458-D IN THE 336TH

JUDICIAL DISTRICT COURT GRAYSON COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to burglary of a habitation with intent to commit theft, and the
trial court sentenced him to confinement in prison for a period of twenty-five years. There
was no direct appeal.

 In his application, Applicant contends that he should be eligible for release to
mandatory supervision, but Texas prison officials and the Texas Board of Pardons and
Paroles (Board) are not considering him eligible for such release. See Tex. Gov't Code §§
508.147, 508.149. He argues that these officials have incorrectly determined that he was
convicted of an offense listed in Section 508.149 of the Government Code, which would
make him ineligible for release to mandatory supervision. See Ex parte Mabry, 137 S.W.3d
58 (Tex. Crim. App. 2004) (Section 508.149 bars mandatory supervision for inmates who are
serving a sentence for a first-degree felony for burglary under Section 30.02 of the Penal
Code); Ex parte Thompson, 173 S.W.3d 458 (Tex. Crim. App. 2005) (the offense of burglary
of a habitation with intent to commit theft, however, is not included in the list of offenses
under Section 508.149).

 In essence, Applicant states that his conviction in cause number 047458 from the
336th Judicial District Court of Grayson County for burglary of a habitation with intent to
commit theft was for a second-degree felony, but the judgment incorrectly indicates the
offense was for a first-degree felony. Indeed, a review of the record shows that the
indictment to which Applicant pled guilty alleged a second-degree felony, and the judgment
identifies the offense as a first-degree felony. 


 While it is true that Applicant was punished within the range for a first-degree felony
due to a prior felony conviction, it appears that the offense level should have remained that
of a second-degree felony. See Tex. Penal Code §§ 12.42 (b); 30.02 (a), (c); see also, e.g.,
Garland v. State, 170 S.W.3d 107 (Tex. Crim. App. 2005) (discussing enhancement
provision). However, any correction to the judgment of the court should be made through
a motion for a nunc pro tunc judgment filed with the district clerk of the convicting court. 
See, e.g., Ex parte Ybarra, 149 S.W.3d 147 (Tex. Crim. App. 2004). This application is
DISMISSED.




FILED: June 7, 2006

DO NOT PUBLISH