IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-57,874-11






EX PARTE TIMMIE GENE CROW, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 047458-D IN THE 336TH

JUDICIAL DISTRICT COURT GRAYSON COUNTY



 



 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation with intent to commit theft and sentenced to twenty-five years' imprisonment. There was
no direct appeal.

 Applicant contends that he pleaded guilty to and was convicted of a second-degree felony
offense but that T.D.C.J. and the Texas Board of Pardons and Paroles (Board) regard his conviction
as a conviction for a first-degree felony burglary offense and therefore they consider him to be
ineligible for discretionary mandatory supervision release. See Tex. Gov't Code §§ 508.147,
508.149; See Ex parte Mabry, 137 S.W.3d 58 (Tex. Crim. App. 2004) (Section 508.149 bars
mandatory supervision for inmates who are serving a sentence for a first-degree felony for burglary
under Section 30.02 of the Penal Code). He also contends that T.D.C.J. and the Board consider the
fact that the conviction is a first-degree felony when reviewing him for parole release.

 A review of the current habeas record shows that Applicant's conviction in cause number
047458 from the 336th Judicial District Court of Grayson County for burglary of a habitation with
intent to commit theft should have been classified as a second-degree felony, but the judgment
indicates the offense of conviction was a first-degree felony. See Ex parte Crow, No. WR-57,874-04
(Tex. Crim. App., June 7, 2006). The offense should have remained a second-degree felony even
though a prior conviction alleged for enhancement increased the sentencing range to that of a first-degree felony. See Tex. Penal Code §§ 12.42 (b); 30.02 (a), (c); see also, e.g., Garland v. State,
170 S.W.3d 107 (Tex. Crim. App. 2005) (discussing enhancement provision).

 In dismissing Applicant's previous habeas application, this Court indicated that Applicant
should pursue relief by filing a motion for a nunc pro tunc judgment with the district clerk of the
convicting court. Ex parte Crow, No. WR-57,874-04 (Tex. Crim. App., June 7, 2006). The current
habeas record does not reflect whether the trial court received and ruled on such a motion. However,
an opinion from the intermediate court of appeals indicates that Applicant may have attempted to
correct the judgment by filing such a motion. See In re. Crow, No. 05-07-00409-CR (Tex. App. -
Dallas, April 30, 2007). The appellate court denied leave to file Applicant's mandamus application
because Applicant had not named the correct judge as the respondent and he had not complied with
rules of appellate procedure, including a requirement to provide copies of the judgment and motion
at issue. See Id.

 A writ of habeas corpus does not lie to correct an inaccurate judgment. Applicant should
raise the instant claim in a motion for nunc pro tunc judgment, properly filed with the district clerk
of the convicting court. If the trial court refuses to rule, Applicant should raise the claim in a
properly filed mandamus application to the intermediate court of appeals, and then, if appropriate,
in a properly filed mandamus application to this Court. See, e.g., Ex parte Ybarra, 149 S.W.3d 147
(Tex. Crim. App. 2004).

 If the convicting court finds a clerical error in the judgment of conviction, that court may
enter a nunc pro tunc judgment to correct it, without regard to whether a party has properly filed a
motion for nunc pro tunc judgment.

 This application is dismissed.




FILED: July 2, 2008

DO NOT PUBLISH