Opinion issued October 17, 2008













In The

Court of Appeals

For The

First District of Texas






NOS. 01-06-00749-CR

 01-06-00750-CR






GABRIEL LEMELL PRUDHOLM, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause Nos. 1052194 & 1045916






O P I N I O N

 Appellant Gabriel Lemell Prudholm was convicted by a jury of compelling
prostitution (trial court case number 1052194; appellate court case number
01-06-00749-CR) and sexual assault of a child (trial court case number 1045916;
appellate court case number 01-06-00750-CR). See Tex. Penal Code
Ann. § 22.011(a)(2)(C), (c)(1) (Vernon Supp. 2008) (sexual assault of a child),
§ 43.05(a)(2), (b) (Vernon 2003) ( compelling prostitution). In both cases, the jury
found the enhancement paragraph for a previous felony conviction in California for
sexual battery (1) to be true, and it assessed punishment at concurrent sentences of 99
years in prison for compelling prostitution (2) and life for sexual assault of a child. (3)

 With respect to the compelling-prostitution conviction, appellant brings two
points of error, alleging improper punishment argument concerning the effect of
parole and injecting personal opinion. With respect to the sexual-assault-of-a-child
conviction, appellant brings three points of error, alleging charge error in submitting
the enhancement paragraph and improper punishment argument concerning the effect
of parole and injecting personal opinion. We affirm the compelling-prostitution
conviction and reverse the sexual-assault-of-a-child conviction.

Background


 KB, the complainant, has lived with her grandmother, mother, aunts, and
friends. Although a good student, KB had a difficult childhood. When KB was 14
and living with her aunt in Phoenix, Arizona, she took a bus by herself to the mall and
got off at the wrong stop. A prostitute approached KB and took her to the apartment
of a pimp, Jeremiah Crighton. Crighton gave KB alcohol and marihuana, took her to
his home where he kept her for days without letting KB speak with her aunt, and
allowed men to have sex with her. Crighton eventually took KB to California.

 KB's aunt reported KB to the police as missing. Appellant, who was a partner
with Crighton in the prostitution business, was contacted by the police about KB. 
Appellant called Crighton and told him to send KB back to Phoenix. Crighton did
send her back, but later found KB in Phoenix, kidnapped her, and put her to work as
a prostitute. KB eventually allowed appellant to be her pimp as she was upset with
Crighton.

 Appellant taught KB how to be a prostitute and decided how much money she
had to make each night. When KB broke appellant's rules, appellant punished KB
by, among other things, hitting her with a belt, beating her, burning her, and having
sex with her. Appellant had sex with KB hundreds of times.

 Special Agent Patrick Fransen of the Federal Bureau of Investigation noticed
KB working the streets. Agent Fransen, who was assigned to the Innocence Lost
National Initiative, attempted over a period of months to get KB to admit she was a
minor and to assist her in getting out of prostitution. After several arrests and
conversations, KB eventually admitted she was a minor, asked for help, and identified
appellant as her pimp.Discussion

Sexual-assault-of-a-child conviction

 In point of error one of the sexual-assault-of-a-child conviction, appellant
argues the trial court erred in submitting, over objection, an enhancement paragraph
in the charge concerning the California offense of sexual battery. Appellant claims
that the California offense is not substantially similar to the offenses listed in the
2003 version of Penal Code section 12.42(c)(2)(B)(i), (ii), (iii), or (iv) and, therefore,
could not be used to trigger a mandatory life sentence. We must review the trial
court's interpretation of the California and Texas statutes on a de novo basis. See
Kuhn v. State, 45 S.W.3d 207, 209 (Tex. App.--Texarkana 2001, pet. ref'd).

 The 2003 version of Penal Code § 12.42(c)(2) states:

 (2) A defendant shall be punished by imprisonment in the institutional
division for life if:

 (A) the defendant is convicted of an offense:

 (i) under Section 22.021 or 22.011, Penal Code;

 (ii) under Section 20.04(a)(4), Penal Code, if the defendant
committed the offense with the intent to violate or abuse the victim
sexually; or

 (iii) under Section 30.02, Penal Code, punishable under
Subsection (d) of that section, if the defendant committed the offense
with the intent to commit a felony described by Subparagraph (i) or (ii)
or a felony under Section 21.11 or 22.011, Penal Code; and

 (B) the defendant has been previously convicted of an offense:

 (i) under Section 43.25 or 43.26, Penal Code, or an offense
under Section 43.23, Penal Code, punishable under Subsection (h) of
that section;

 (ii) under Section 21.11, 22.011, 22.021, or 25.02, Penal
Code;

 (iii) under Section 20.04(a)(4), Penal Code, if the defendant
committed the offense with the intent to violate or abuse the victim
sexually;

 (iv) under Section 30.02, Penal Code, punishable under
Subsection (d) of that section, if the defendant committed the offense
with the intent to commit a felony described by Subparagraph (ii) or
(iii); or

 (v) under the laws of another state containing elements that
are substantially similar to the elements of an offense listed in
Subparagraph (i), (ii), (iii), or (iv).

2003 Penal Code § 12.42(c)(2), supra note 3 (emphasis added). The offenses listed
in 2003 Penal Code section 12.42(c)(2)(B)(i), (ii), (iii), and (iv) are:

 (i) sexual performance by a child (Penal Code section 43.25) and possession
or promotion of child pornography (Penal Code section 43.26);

 (ii) harassment by persons in certain correctional facilities; harassment of
public servant (Penal Code section 22.11), sexual assault (Penal Code section
22.011), and prohibited sexual conduct (Penal Code section 25.02);

 (iii) aggravated kidnapping (Penal Code section 20.04(a)(4)); and

 (iv) burglary (Penal Code section 30.04(a)(4)).

 Appellant was previously convicted under the following California statute for
sexual battery:

 Any person who touches an intimate part of another person while that
person is unlawfully restrained by the accused or an accomplice, and if
the touching is against the will of the person touched and is for the
purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty
of sexual battery.

Cal. Penal Code § 243.4(a) (West 2008). An "intimate part" means the "sexual
organ, anus, groin, or buttock of any person, and the breast of a female." Cal. Penal
Code § 243.4(g) (West 2008). The California statute goes on to state that sexual
battery "does not include the crimes defined in Section 261 or 289" of the California
Penal Code. Cal. Penal Code § 243.4(g)(2) (West 2008) (referring respectively to
"rape" or "forcible acts of sexual penetration; punishment"). The question, therefore,
is whether the California sexual battery statute contains elements substantially similar
to one of the Texas offenses described above.

 The Court of Criminal Appeals has held the elements of another state's law to
be substantially similar to the elements of an offense listed in section
12.42(c)(2)(B)(i)-(iv) when the elements of the other State's law parallel the elements
of a single Texas offense. In Ex parte White, the court held that elements of
Delaware's statute against unlawful sexual contact in the second degree were
substantially similar to the elements of the Texas offense of indecency with a child. 
Ex parte White, 211 S.W.3d 316, 318 (Tex. Crim. App. 2007). The Delaware statute
defined "a person as guilty of unlawful sexual contact in the second degree 'when he
intentionally has sexual contact with another person who is less than 16 years of age
or causes the victim to have sexual contact with him or a third person.'" Id. (citing
Del. Code Ann. tit. 11, § 768 (LexisNexis 2007). The Texas statute provides that
"[a] person commits an offense if, with a child younger than 17 years and not the
person's spouse, whether the child is of the same or opposite sex, the person:
(1) engages in sexual contact with the child or causes the child to engage in sexual
contact." Id. (citing Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2003)). The
Court of Criminal Appeals did not emphasize the point, but it is significant that a
person guilty of the Delaware law would also be guilty under the Texas law. In
Garland v. State, the Court of Criminal Appeals affirmed a plea bargain in which the
defendant entered a plea of nolo contendere to the sexual assault of a child with an
enhancement provision containing the admission that defendant had previously been
convicted of rape in Louisiana, an offense whose elements are substantially similar
to the elements of sexual assault. Garland v. State, 170 S.W.3d 107, 107-08 & n.1
(Tex. Crim. App. 2005). See also Griffith v. State, 81 S.W.3d 510, 514 (Tex.
App.--Houston [1st Dist.] 2002), aff'd, 116 S.W.3d 782 (Tex. Crim. App. 2003)
(explaining that former offense of rape is precursor to present offense of sexual
assault).

 Appellant complains that the California statute permits prosecution for
unlawfully restraining a person and touching the person's buttocks for purpose of
sexual arousal, something that is not substantially similar to an offense listed in 2003
Penal Code section 12.42(c)(2). The State argues that the California sexual battery
statute is substantially similar to the elements contained in two Texas offenses listed
in 2003 Penal Code § 12.42(c)(2), Penal Code sections 22.011(a)(1), the sexual
assault statute, and 20.04(a)(4) (aggravated kidnapping):

 Sexual Assault:

 (a) A person commits an offense if the person:

 (1) intentionally or knowingly:

 (A) causes the penetration of the anus or sexual organ of
another person by any means, without that person's consent;

 (B) causes the penetration of the mouth of another person
by the sexual organ of the actor, without that person's consent; or

 (C) causes the sexual organ of another person, without that
person's consent, to contact or penetrate the mouth, anus, or sexual
organ of another person, including the actor . . . .

Tex. Penal Code Ann. § 22.011(a)(1) (Vernon Supp. 2008).

 Aggravated kidnapping:

 (a) A person commits an offense if he intentionally or knowingly
abducts another person with the intent to:

 . . .

 (4) inflict bodily injury on him or violate or abuse him sexually
. . . .

Tex. Penal Code Ann. § 22.04(a)(4) (Vernon 2003).

 The problem with the State's argument is that it combines the elements from
more than one of the offenses listed in 2003 Penal Code section 12.42(c)(2) to create
a substantial similarity between Texas and California law. The plain wording of 2003
Penal Code section 12.42(c)(2)(B)(v), however, requires that the California statute
contain elements that are substantially similar to the elements of an offense listed in
subparagraph (i), (ii), (iii), or (iv), not contain elements that are substantially similar
to the elements of multiple offenses listed in subparagraph (i), (ii), (iii), or (iv). See
generally Griffith v. State, 116 S.W.3d 782, 785 (Tex. Crim. App. 2003), Boykin v.
State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (courts must review
unambiguous statute literally, unless doing so would lead to absurd result that
legislature could not possibly have intended).

 Penal Code section 22.011(a)(1), on which the State primarily relies, requires
that the actor (1) penetrate the anus or sexual organ of another person, (2) penetrate
the mouth of another person with the actor's sexual organ, or (3) cause the sexual
organ of another person to contact or penetrate the mouth, anus, or sexual organ of
another person, including the actor. California Penal Code section 243.4(a), sexual
battery, prohibits mere "touching" of (1) the sexual organ, anus, groin, or buttock of
any person, or (2) the breast of a female. The California sexual battery offense
addresses less offensive conduct that the Texas sexual assault offense, and the
punishment for the California sexual battery offense is significantly less severe. (4) We hold that the California sexual battery offense does not contain elements
substantially similar to one of the Texas offenses listed in 12.42(c)(2)(B)(i), (ii), (iii),
and (iv). The trial court, therefore, erred in submitting the enhancement paragraph
in the charge over appellant's objection. We further hold that appellant suffered some
harm from the erroneous charge because that charge provided for a mandatory life
sentence, as opposed to allowing the jury to assess punishment for a first degree
felony (five years to life imprisonment). Tex. Penal Code Ann. § 12.32 (Vernon
2003) (punishment for first degree felony); see Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1985) (test for charge error). Accordingly, we sustain point of
error one. Because of our disposition of point of error one, we do not reach points of
error two and three, which also address alleged error at the punishment phase.

Compelling-prostitution conviction

 In point of error one of the compelling-prostitution conviction, appellant argues
the trial court erred in overruling his objection to the State's punishment argument
regarding the application of the parole law. Appellant's objection, however, was to
the State's argument regarding the effect of the parole law on his conviction for
sexual assault of a child. Appellant did not object to the State's punishment argument
regarding the application of the parole law for compelling prostitution. We hold that
appellant has waived this point. See Tex. R. App. P. 33.1(a); Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996).

 In point of error two of the compelling-prostitution conviction, appellant
contends the State made an improper punishment argument when the prosecutor
stated the following:

 The fact of the matter is I didn't really want to come to work
today. I didn't want to come to work because I didn't want to have to
deal with this filth. I'm tired of it. It's disgusting. I didn't want to deal
with - -

Appellant specifically objected that the prosecutor was injecting personal opinions.

 To be permissible, the State's jury argument must fall within one of the
following four general areas: (1) summation of the evidence; (2) reasonable deduction
from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law
enforcement. Felder v. State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992). We
agree with appellant that the prosecutor's statements about her personal feelings and
beliefs do not fall within one of the permissible areas of jury argument. We cannot
conclude, however, that the statements affected a substantial right of appellant's. See
Tex. R. App. P. 44.2(b); Martinez v. State, 17 S.W.3d 677, 692-93 (Tex. Crim. App.
2000) (holding improper argument concerning matters outside record is
nonconstitutional error). A substantial right is affected when the error had a
substantial and injurious effect or influence on the jury's verdict. King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App.1997). We look to three factors in applying Texas
Rule of Appellate Procedure 44.2(b) to a case involving improper argument: (1) the
severity of the State's misconduct (the magnitude of the prejudicial effect of the
prosecutor's remarks); (2) measures adopted to cure the misconduct (the efficacy of
any cautionary instruction by the trial court); and (3) the certainty of conviction
absent the misconduct (the strength of the evidence supporting the evidence). See
Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (discussing harm
analysis under Tex. R. App. P. 44.2(b)).

 First, the State's misconduct was minor. The prosecutor's statements were not
specifically directed at appellant, but were instead a comment on the case generally. 
The prosecutor did not offer her opinion on whether the appellant was guilty, whether
the State had proved a necessary fact, or whether a particular witness was telling the
truth. Instead, the prosecutor was generally commenting on the unpleasant nature of
the case, something that was obvious to the jury. Had the prosecutor made her
statements in the third person, there would be no error. Second, the trial court
adopted no measures to cure the misconduct, as appellant's objection was overruled. 
Third, the strength of the evidence supporting appellant's guilt was high, so the
misconduct did not affect the jury's finding that appellant was guilty. While the
prosecutor should not have made direct statements of personal opinion, we hold that
the argument did not have a substantial and injurious effect or influence on the jury's
verdict and was, therefore, harmless.

 We overrule point of error two.

Conclusion
 

 We affirm the judgment in the compelling-prostitution case (trial court case
number 1052194; appellate court case number 01-06-00749-CR). We reverse the
judgment in the sexual-assault-of-a-child case (trial court case number 1045916;
appellate court case number 01-06-00750-CR) and remand that case to the trial court
for further proceedings regarding punishment. See Tex. Code Crim. Proc. Ann. art.
44.29(b) (Vernon Supp. 2008).




 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Justice Keyes dissenting in appellate court case number 01-06-00750-CR.


Publish. Tex. R. App. P. 47.2(b).
1. Cal. Penal Code § 243.4(a) (West 2008) 
2. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 12.42(b),
1993 Tex. Gen. Laws 3586, 3604, amended by Act of May 18, 2007,
80th Leg., R.S., ch. 593, § 1.14, 2007 Tex. Gen. Laws 1120, 1125
(compelling prostitution; penalty with previous felony conviction).
3. Act of May 30, 2003, 78th Leg., R.S., ch. 1005, § 2,
sec. 12.42(c)(2)(A)(i), (B)(v), 2003 Tex. Gen. Laws 2944, 2944-45,
amended by Act of May 15, 2007, 80th Leg., R.S., ch. 340, § 3, 2007
Tex. Gen. Laws 627, 628 and Act of May 18, 2007, 80th Leg., R.S., ch.
593, § 1.15, 2007 Tex. Gen. Laws 1120, 1126 (sexual assault of child;
penalty with previous conviction of offense under laws of another state
containing elements that are substantially similar to elements of offense
listed in § 12.42(c)(2)(B)(i), (ii), (iii), or (iv)).
4. "A violation of this subdivision is punishable by imprisonment in a
county jail for not more than one year, and by a fine not exceeding two
thousand dollars ($2,000); or by imprisonment in the state prison for
two, three, or four years, and by a fine not exceeding ten thousand
dollars ($10,000)." Cal. Penal Code § 243.4(a) (West 2008).