In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00410-CR
NO. 09-14-00411-CR

_____

**REY BARRERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 13-15829 (Counts 1 and 2)**

**MEMORANDUM OPINION**

A jury found Rey Barrera guilty of aggravated assault with a deadly weapon on a public servant (Count 1) and possession of a deadly weapon in a penal institution (Count 2). *See* Tex. Penal Code Ann. §§ 22.02(b)(2)(B), 46.10 (West 2011). The jury found Barrera to be a repeat offender and assessed punishment at life in prison and a $10,000 fine for Count 1 and twenty years in prison and a $10,000 fine for Count 2. The trial court ordered both sentences to commence after

1

the sentences imposed for his previous convictions have ceased to operate. *See* Tex. Code Crim. Proc. Ann. art. 42.08(a) (West Supp. 2014). On appeal, Barrera contends the fines were unauthorized by law. In the alternative, he contends the fines must run concurrently. Finally, Barrera challenges the affirmative finding of the use of a deadly weapon on the judgment for the possession offense. Finding no reversible error in this appeal, we affirm the trial court's judgment.

**Enhanced Punishment**

Issue one contends the trial court erred in allowing the jury to assess a fine as part of Barrera's punishment because the evidence established his status as a habitual offender. Section 12.42 of the Texas Penal Code describes the punishment range for habitual and repeat felony offenders on trial for a first, second, or third degree felony. Tex. Penal Code Ann. § 12.42 (West Supp. 2014). "[I]f it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the second degree." *Id.* § 12.42(a). A second degree felony is punished by "imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years." Tex. Penal Code Ann. § 12.33(a) (West 2011). "In addition to imprisonment, an individual adjudged guilty of a felony of the second degree may

be punished by a fine not to exceed $10,000." *Id.* § 12.33(b). "If it is shown on the trial" of a first degree felony that a person has a felony conviction that became final before the date of the charged offense, provisions similar to those found in section 12.42(a) establish a punishment range of "life, or for any term not more than 99 years or less than 15 years." *Id.* § 12.42(c)(1). "In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000." *Id.*

A different subsection of Section 12.42 applies when a person is found to be a habitual offender.

> [I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Tex. Penal Code Ann. § 12.42(d). The subsection that applies to habitual offenders does not authorize a fine. *See Ex parte Johnson*, 697 S.W.2d 605, 607-08 (Tex. Crim. App. 1985).

In this case, four enhancement paragraphs contained in the indictment alleged Barrera had previously been convicted in 2008 for committing aggravated assault with a deadly weapon, in 1997 for murder as well as attempted murder, and in 1986 for robbery. The State alleged the 1986 conviction became final before the

3

commission of the 1997 offenses, the 1997 convictions became final before the commission of the 2008 offense, and the 2008 conviction became final before the commission of the charged offenses. The State abandoned the first and fourth enhancement paragraphs, without an objection from the defense, in a pre-trial hearing. Before the punishment phase of the trial started, the State and the defense agreed to the State's abandonment of the paragraph alleging a 1997 conviction for attempted murder. Barrera made a plea of "true" to the single remaining enhancement paragraph.

A penitentiary packet admitted into evidence in the trial's punishment phase included: (1) a judgment on a conviction for murder, committed October 10, 1996, with a sentence of 65 years in prison and a $10,000 fine, commencing December 5, 1997; (2) a judgment on a conviction for attempted murder, committed October 10, 1996, with a sentence of 20 years in prison and a $10,000 fine, commencing December 5, 1997; (3) a judgment on a conviction for possession of a deadly weapon in a penal institution, committed on April 21, 2004, with a sentence of 3 years in prison imposed on April 1, 2005, and commencing when a 1997 sentence has ceased to operate; (4) a judgment on a conviction for aggravated assault with a deadly weapon, committed December 2, 2006, with a sentence of 50 years in prison imposed on October 22, 2008, and commencing when the 1997 sentence for

4

murder has ceased to operate; and (5) a judgment on a conviction for robbery, committed November 30, 1985, with a sentence of 10 years in prison imposed on May 12, 1986, and commencing November 30, 1985. Records from an El Paso County district court include a judgment of conviction for aggravated assault with a deadly weapon, committed October 10, 1996, with a sentence of 20 years in prison and a $10,000 fine, commencing December 5, 1997.

In the charge conference, Barrera argued that section 12.42(d) of the Texas Penal Code supplied the proper punishment range because the State and the defense proved two or more sequential prior final felony convictions during the punishment phase of the trial. *See generally* Tex. Penal Code Ann. § 12.42(d). The trial court denied the defense's request to submit a habitual offender charge to the jury. The jury charge required the jury to punish Barrera as a repeat offender based upon Barrera's plea of true to a single enhancement paragraph in the indictment.

Barrera argues application of habitual offender punishment under section 12.42(d) was mandatory in his cases because two sequential final felony convictions were "shown" on his trial. *See generally id*. The cases Barrera cites in his brief demonstrate that the mandatory application of section 12.42(d) occurs if there has been a plea of true by the defendant or a finding of true by the finder of fact. *See State v. Allen*, 865 S.W.2d 472, 473-74 (Tex. Crim. App. 1993) (section

12.42(d) applies when the State has proven the enhancement paragraphs and the factfinder has found the enhancement allegation to be true); *Harvey v. State*, 611 S.W.2d 108, 110-11 (Tex. Crim. App. 1981) (when the defendant pleads "true" to the State's enhancement allegation, the defendant cannot complain that the evidence is insufficient to support the finding and the trial court may charge the jury on the enhanced punishment range).

Due process requires reasonable notice and an opportunity to be heard relative to a recidivist charge. *Oyler v. Boles*, 368 U.S. 448, 452 (1962). Prior convictions used as enhancements must be pleaded in some form, and they may be pleaded in an indictment. *Brooks v. State*, 957 S.W.2d 30, 33-34 (Tex. Crim. App. 1997). "[T]he State may, with the permission of the trial court, 'dismiss, waive or abandon a portion of the indictment.'" *Garland v. State*, 170 S.W.3d 107, 111 (Tex. Crim. App. 2005) (quoting *Ex parte Preston*, 833 S.W.2d 515, 517 (Tex. Crim. App. 1992)). "Among the available strategies for the state is an election not to pursue enhancements." *Marshall v. State*, 185 S.W.3d 899, 903 (Tex. Crim. App. 2006). In this case, the record contains a pleading, a plea, and proof of a single prior final felony conviction. Accordingly, Barrera was properly punished as a repeat felony offender. *See* Tex. Penal Code Ann. § 12.42(c)(1). We overrule issue one.

**Concurrent Fines**

Issue two contends the trial court erred in allowing consecutive fines where the sentences were ordered to be served concurrently. Barrera was tried in a single criminal action for offenses arising out of the same criminal episode. *See* Tex. Penal Code Ann. § 3.03(a) (West Supp. 2014). Fines which are part of concurrent sentences "run" concurrently. *State v. Crook*, 248 S.W.3d 172, 174, 177 (Tex. Crim. App. 2008) (plurality opinion). "An individual sentence assessed . . . within the applicable range of punishment is not rendered illegal by the entry of an unlawful cumulation order." *Beedy v. State*, 250 S.W.3d 107, 114 (Tex. Crim. App. 2008). An unlawful cumulation order is remedied by reforming the judgment to set aside the order. *Id.* at 113.

Barrera argues that the fine recited in the judgment for Count 2 must be deleted from the judgment because the sentences for aggravated assault on a public servant and possession of a deadly weapon in a penal institution are to be served concurrently. The remedy Barrera seeks is not that his fines "run concurrently," but that one of the fines not be imposed at all, contrary to the jury's verdict. Deciding what punishment to assess within the statutorily prescribed range for a given offense and deciding whether to cumulate sentences are two distinct functions. *See Barrow v. State*, 207 S.W.3d 377, 379-80 (Tex. Crim. App. 2006). The jury's

7

decision whether to assess a particular punishment in a particular case has no bearing on the judge's decision whether to cumulate the sentence. *Id.* To determine whether the judgment properly states that the sentence for Barrera's conviction for aggravated assault on a public servant will be served concurrently with his sentence for possession of a deadly weapon in a penal institution, we look not to the part of the judgment that recites the sentence, but to the part of the judgment memorializing the cumulation order. *See* Tex. Code Crim. Proc. Ann. art. 42.01, § 1(9), (15), (19) (West Supp. 2014).

The cumulation orders contained in the judgments at issue here state that the sentence shall commence when the judgments and sentences have ceased to operate in Barrera's 2008 convictions for aggravated assault with a deadly weapon and assault of a public servant. *See* Tex. Code Crim. Proc. Ann. art. 42.08(a). A statement that a sentence has been cumulated under article 42.08 is properly included on a judgment. *See id.* art. 42.01, § 1(19). Because no other cumulation order appears on either judgment, and Barrera does not contend that the sentences in this case cannot be cumulated on the sentences identified in the judgments, we find no error on the face of the judgment requiring reformation of the judgment on appeal. We overrule issue two.

8

## Deadly Weapon Finding

Issue three contends the trial court erred in allowing the jury to make an affirmative finding of the use or exhibition of a deadly weapon in the charge for possession of a deadly weapon in a penal institution. He argues the weapon was present but did not facilitate a separate felony. *See Plummer v. State*, 410 S.W.3d 855, 859-60 (Tex. Crim. App. 2013) ("However, we have declined to uphold deadly-weapon findings when the weapon was present but did not facilitate a separate felony.").

The indictment in this case alleged, in part:

REY BARRERA, hereinafter styled Defendant, on or about the 4th day of September, 2012, and before the presentment of this indictment, in the County and said State aforesaid, did:
### COUNT ONE
then and there intentionally, knowingly, or recklessly cause bodily injury to [D.L.], by stabbing [D.L.] with a pencil, and the Defendant did then and there know that the said [D.L.] was a public servant in the lawful discharge of an official duty, to-wit: Correctional Officer, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a pencil, during the commission of said assault;
### COUNT TWO:
then and there, while confined in a penal institution, intentionally or knowingly possess or conceal in said penal institution a deadly weapon, to-wit: a pencil, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a pencil, during the commission of said possession or concealment of a deadly weapon in a penal institution[.]

The jury charge informed the jury that "[a] person commits an offense if, while confined in a penal institution, (s)he intentionally or knowingly possesses or conceals a deadly weapon in the penal institution." *See generally* Tex. Penal Code Ann. § 46.10. One of the definitions included in the charge stated: "Deadly weapon means[:] (1) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (2) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *See generally* Tex. Penal Code Ann. § 1.07(17) (West Supp. 2014).

The application paragraph for Count 1 stated, as follows:

> Now, as to Count 1 of the Indictment, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about September 4, 2012, the defendant Rey Barrera, did then and there intentionally, knowingly, or recklessly cause bodily injury to [D.L.], by stabbing [D.L.] with a pencil, and the Defendant did then and there know that the said [D.L.] was a public servant in the lawful discharge of an official duty, to-wit: Correctional Officer, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a pencil, during the commission of said assault, you shall find the defendant GUILTY of the offense of Aggravated Assault with a Deadly Weapon on a Public Servant.

The application paragraph for Count 2 stated, as follows:

> Now, as to Count 2 of the Indictment, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about September 4, 2012, the defendant Rey Barrera, did then and there, while confined in a penal institution, intentionally or knowingly possess or conceal in said penal institution a deadly weapon, to-wit: a pencil, and the defendant did then and there use or

10

exhibit a deadly weapon, to-wit: a pencil, during the commission of said possession or concealment of a deadly weapon in a penal institution, you shall find the defendant GUILTY of the offense of Deadly Weapon in a Penal Institution.

"[I]n order to 'use' a deadly weapon for affirmative finding purposes, the weapon must be utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct from 'mere' possession." *Narron v. State*, 835 S.W.2d 642, 644 (Tex. Crim. App. 1992). We give "use" its broadest possible understanding. *Tyra v. State*, 897 S.W.2d 796, 797 (Tex. Crim. App. 1995). In this case, the jury considered evidence that Barrera stabbed D.L. in the lower outside portion of his left eye with the pencil, penetrating to the brain and damaging three of the cranial nerves, leaving D.L. completely and most likely permanently blind in that eye. The charge authorized the jury to convict Barrera only if it found that he used or exhibited a pencil, which in the manner of its use by Barrera was capable of causing death or serious bodily injury. To support a deadly weapon finding, there must be a facilitation purpose between the weapon and the associated felony offense. *Plummer*, 410 S.W.3d at 856. Such a facilitation purpose is present in this case because Barrera used what would otherwise have been a harmless writing implement to stab D.L. in the eye, blinding him. Barrera's use of the pencil to stab D.L. facilitated his possession of a deadly weapon in a penal institution because that use made the object a deadly weapon. Additionally, Barrera's use of the pencil

11

to stab D.L. furthered the commission of the aggravated assault on a public servant, a felony offense facilitated by the possession, and distinct from the offense of possession itself. *See id.* at 865. The evidence did not show mere possession of a deadly weapon. We overrule issue three and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 5, 2015
Opinion Delivered October 14, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.