PD-1508-15

PD-1508-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/20/2015 4:04:15 PM
Accepted 11/20/2015 4:51:09 PM
ABEL ACOSTA
CLERK

No. _____

IN THE

# COURT OF CRIMINAL APPEALS

OF TEXAS
AUSTIN, TEXAS

---

REY BARRERA v. THE STATE OF TEXAS

---

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

On Petition for Discretionary Review from
Appeal Nos. 09-14-00410-CR
And 09-14-00411-CR
in the Court of Appeals, Ninth District, at Beaumont

Trial Court Cause Nos. 13-15829 (Counts 1 and 2) from the Criminal
District Court in Jefferson County, Texas

_____

State Counsel for Offenders
Attorney for Petitioner
Sarah Cathryn Brandon
State Bar of Texas No. 24087203
P. O. Box 4005
Huntsville, Texas 77342-4005
(512) 406-5972 Office
(512) 406-5960 FAX
Sarah.Brandon@tdcj.texas.gov

FILED IN
COURT OF CRIMINAL APPEALS

November 20, 2015

ABEL ACOSTA, CLERK

**PETITIONER REQUESTS ORAL ARGUMENT**

# IDENTITY OF PARTIES AND COUNSEL

**PETITIONER:**
Rey Barrera

**RESPONDENT:**
The State Of Texas

**TRIAL COUNSEL FOR PETITIONER:**
Spencer J. Cahoon
State Bar of Texas No. 24085801
Rachell Hunt[1]
State Bar of Texas No. 24053784
State Counsel for Offenders
P.O. Box 4005; Huntsville, Texas 77342
(936) 521-6702/(936) 521-6721 Fax

**APPELLATE COUNSEL FOR PETITIONER:**

In the 9th Court of Appeals and the Court of Criminal Appeals:
Kenneth Nash
Appellate Section Chief
State Bar of Texas No. 14811030
Sarah Cathryn Brandon
State Bar of Texas No. 24087203
P. O. Box 4005
Huntsville, Texas 77342-4005
(512) 406-5972 Office
(512) 406-5960 Fax

---

[1] Ms. Hunt is no longer employed by State Counsel for Offenders. She now is employed at the Polk County District Attorney's Office, 101 W Church St # 106, Livingston, TX 77351; Phone: (936) 327-6868.

**TRIAL COUNSEL FOR RESPONDENT**
Mark Mullin
State Bar of Texas No. 00788093
Special Prosecution Unit
340 State Hwy 75N, Ste A; Huntsville, Texas 77340
(936) 291-0431

**APPELLATE COUNSEL FOR RESPONDENT:**
Melinda Mayo Fletcher
State Bar of Texas No. 18403630
Special Prosecution Unit
P.O. Box 1744; Amarillo, Texas 79105
(806) 367-9407 Office
(866) 923-9253 Fax

**TRIAL JUDGE:**
Hon. John B. Stevens

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................. ii

TABLE OF CONTENTS .................................................................................... iv

INDEX OF AUTHORITIES ............................................................................... vii

STATEMENT REGARDING ORAL ARGUMENT ............................................... 1

STATEMENT OF THE CASE ............................................................................. 2

STATEMENT OF PROCEDURAL HISTORY ....................................................... 3

GROUNDS FOR REVIEW .................................................................................. 3

**For Cause Nos. 09-14-00410-CR *and* 09-14-00411-CR (Counts 1 and 2):**

**Question 1**: Did the Ninth Court err when it held that Petitioner was properly punished under TEXAS PENAL CODE §12.42(a) and (c), even though Petitioner proved up and pleaded true to his prior convictions and requested he be punished under §12.42(d) instead?

**Reason for Granting Review 1:** The Legislature has created classes of offenders that correspond with a severity of punishment, and has specified that once a defendant is proven to be habitual, his punishment shall be either 25-99 years in prison or life. This is an important issue of statutory construction and legislative intent that should be, but has not been, decided by this Court.

**Question 2**: Did the Ninth Court err by not reforming Petitioner's judgment that reflects his two fines are running consecutively to each other, when they should run concurrently pursuant to TEXAS PENAL CODE 3.03(a), even though there is no explicit cumulation order stacking his fines?

**Reason for Granting Review 1:** An issue has arisen concerning the procedural application of *Crook v. State*, 248 S.W.3d 172 (Tex. Crim. app. 2008) that has not been decided, but should be, by this Court.

**Reason for Granting Review 2:** The Ninth Court's holding creates a split between the other two appellate courts that have decided a substantially similar issue.

**For Cause No. 09-14-00411-CR (Count 2 only):**

**Question 3**: Did the Ninth Court err by holding that the facts used to prove that an object becomes a deadly weapon can also be used to infer that the use then facilitated the possession? Also, did the Ninth Court err by upholding the deadly weapon finding for a mere possession charge by cross-applying the facts from Petitioner's second conviction that did legitimately support a deadly weapon finding?

**Reason for Granting Review 1:** The Ninth Court's decision to uphold the deadly weapon finding by using the facts that proved the object was deadly possibly misinterprets this Court's holdings in *Ex Parte Petty*, 833 S.W.2d 145 (Tex. Crim. App. 1992) and its progeny, and also presents a question that should be, but has not been, decided by this Court.

**Reason for Granting Review 2:** The Ninth Court's decision to cross-apply the facts supporting the deadly weapon finding from the aggravated assault conviction to support the finding for the DWPI conviction is a similar issue that has been presented in other appeals courts that have reached split results, and presents a question that should be, but has not been, decided by this Court.

ARGUMENT AND AUTHORITIES..................................................................7

**For Cause Nos. 09-14-00410-CR *and* 09-14-00411-CR (Counts 1 and 2):**

**Question 1**: Did the Ninth Court err when it held that Petitioner was properly punished under TEXAS PENAL CODE §12.42(a) and (c), even though Petitioner proved up and pleaded true to his prior convictions and requested he be punished under §12.42(d) instead? ...................................................................................... 7

**Question 2**: Did the Ninth Court err by not reforming Petitioner's judgment that reflects his two fines are running consecutively to each other, when they should run concurrently pursuant to TEXAS PENAL CODE 3.03(a), even though there is no explicit cumulation order stacking his fines? ................................................... 11

**For Cause No. 09-14-00411-CR (Count 2 only):**

**Question 3**: Did the Ninth Court err by holding that the facts used to prove that an object becomes a deadly weapon can also be used to infer that the use then facilitated the possession? Also, did the Ninth Court err by upholding the deadly weapon finding for a mere possession charge by cross-applying the facts from Petitioner's second conviction that did legitimately support a deadly weapon finding? ................................................ 13

RELEVANT FACTS ............................................................................................... 5

PRAYER FOR RELIEF ........................................................................................ 20

CERTIFICATE OF SERVICE ............................................................................. 21

CERTIFICATE OF COMPLIANCE .................................................................... 22

APPENDIX

# INDEX OF AUTHORITIES

## Cases

*Aldana v. State*, 2015 Tex. App. LEXIS 4985 (Tex. App. 8th Dist. – El Paso, 2015) .................................................................................... 12, 13

*Barrera v. State of Texas,* No. 09-14-00410-CR, 09-14-00411-CR, 2015 Tex. App. LEXIS 10521 (Tex. App.-- Beaumont Oct. 14, 2015, pet. filed) ................................................................................ 3, 7, 9, 13, 14, 15

*Coleman v State*, 145 S.W.3d 649 (Tex. Crim. App. 2004) ......................... 16

*Dolph v. State*, 440 S.W.3d 898 (Tex. App. – Texarkana [6th Dist.] 2013) .. 6

*Ex Parte Petty*, 833 S.W.2d 145(Tex. Crim. App. 1992) ..... 15, 16, 17, 18, 19

*Ex Parte Preston*, 833 S.W.2d 515 (Tex. Crim. App. 1992) .......................... 9

*Garland v. State*, 170 S.W.3d 107 (Tex. Crim. App. 2005) ........................... 9

*Garner v. State*, 864 S.W.2d 92 (Tex. App. – Houston [1st Dist.] 1993, pet. ref'd) ................................................................................... 18, 19

*Habib v. State*, 431 S.W.3d 737, Tex. App. LEXIS 4672 (Tex. App. 7th Dist. – Amarillo, 2014) ............................................................ 13

*Harris v. State*, 1997 Tex. App. LEXIS 3299 (Tex. App. – Austin [3rd Dist.] 1997) ................................................................................... 17, 18

*Harvey v. State*, 611 S.W.2d 108 (Tex. Crim. App. 1981) ....................... 8, 10

*Jurado v. State*, 2008 Tex. App. LEXIS 6245 (Tex. App. – Austin [3rd Dist.] 2008) ........................................................................................ 19

*Marshall v. State*, 185 S.W.3d 899 (Tex. Crim. App. 2006) .......................... 7

*Narron v. State*, 835 S.W.2d 642 (Tex. Crim. App. 1992) ............... 16, 17, 19

*Patterson v. State*, 769 S.W.2d 938 (Tex. Crim. App. 1989)........................ 15

*Plummer v. State*, 410 S.W.3d 855 (Tex. Crim. App. 2013).................. 15, 19

*State v. Allen*, 865 S.W.2d 472 (Tex. Crim. App. 1993) .......................... 8, 10

*State v. Crook*, 248 S.W.3d 172 (Tex. Crim. App. 2008) .................. 1, 11, 12

*State v. Garza*, 824 S.W.2d 324 (Tex. App. – San Antonio [4th Dist.] 1992,
pet. ref'd, June 3, 1992)...................................................................... 8, 9

*Tyra v. State*, 897 S.W.2d 796 (Tex. Crim. App. 1995).............................. 19

## Statutes

TEX. PEN. CODE §3.03(a) ............................................................................. 11

TEX. PEN. CODE, Chapter 12 ..................................................................... 9, 10

TEX. PEN. CODE §12.42(a) ....................................................................... 5, 6, 7

TEX. PEN. CODE §12.42(c) ....................................................................... 5, 6, 7

TEX. PEN. CODE §12.42(d) ................................................................. 6, 8, 9, 10

TEX. PEN. CODE §12.44(a) ............................................................................. 8

TEX. PEN. CODE. §46.10(a) ......................................................................... 14

## Rules

TEX. R. APP. PRO. 66................................................................................... 2

No. _____

IN THE

**COURT OF CRIMINAL APPEALS**

OF TEXAS
AUSTIN, TEXAS

---

REY BARRERA, Appellant

V.

THE STATE OF TEXAS, Appellee

---

**<u>STATEMENT REGARDING ORAL ARGUMENT</u>**

Petitioner requests oral argument in this case. This first issue presents an issue of first impression, in which Petitioner believes discussion would aid this Court in deciding. Oral argument will also be beneficial in discussing the procedural snags *State v. Crook*, 248 S.W.3d 172 (Tex. Crim. App. 2008) presented in Petitioner's case, and how the Ninth Court of Appeals erred in addressing it. The third issue raises several questions which would be more easily addressed through conversation.

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

NOW COMES, REY BARRERA, Petitioner in this cause by and through his attorneys of record, Sarah Cathryn Brandon and State Counsel for Offenders, and pursuant to the provisions of TEX. R. APP. PRO. 66, et seq., moves this Court to grant discretionary review, and in support shows the following:

## STATEMENT OF THE CASE

Petitioner was convicted by a jury of Aggravated Assault on a Public Servant and Possession of a Deadly Weapon in a Penal Institution (DWPI), in which he received a life sentence and 20 years, respectively, to run concurrently. (CR 145)(Count 1);(CR 148)(Count 2).[2] He also received two $10,000 fines on each count, which Petitioner contends were intended to run consecutively, and likely are being treated as such by the Texas Department of Criminal Justice. (5 RR 121). There was also a deadly weapon finding on both counts. (CR 145)(Count 1);(CR 148)(Count 2). In three issues, the Ninth Court of Appeals in Beaumont affirmed the judgments, holding that

---

[2] Questions One and Two pertain to both cause numbers from the appellate court: 09-14-00410-CR (Count 1) and 09-14-009411-CR (Count 2). However, Question Three only pertains to cause number 09-14-00410-CR (Count 2). Petitioner has noted which issues pertain to which cause number, and presents both in one Petition for Discretionary Review.

2

the fines were properly imposed, properly assessed, and that the deadly weapon finding was also proper for the second count. Petitioner challenges the holdings from each issue.

## STATEMENT OF PROCEDURAL HISTORY

The Honorable John B. Stevens presided over Petitioner's trial in the Criminal District Court of Jefferson County, Texas. On October 14, 2015, the Court of Appeals for the Ninth Supreme Judicial District of Texas affirmed Petitioner's convictions in an opinion by Justice Kreger, joined by Chief Justice McKeithen and Justice Horton in *Barrera v. State of Texas,* No. 09-14-00410-CR, 09-14-00411-CR, 2015 Tex. App. LEXIS 10521 (Tex. App.-- Beaumont Oct. 14, 2015, pet. filed)(not designated for publication)(Opinion attached, Exhibit A). A Motion for Rehearing was filed on October 27, 2015, and was overruled October 29, 2015.

## GROUNDS FOR REVIEW

Questions Presented and Reasons for Granting Review

**For Cause Nos. 09-14-00410-CR *and* 09-14-00411-CR (Counts 1 and 2):**

**Question 1**: Did the Ninth Court err when it held that Petitioner was properly punished under TEXAS PENAL CODE §12.42(a) and (c), even though Petitioner proved up and pleaded true to his prior convictions and requested he be punished under §12.42(d) instead?

3

**Reason for Granting Review 1:** The Legislature has created classes of offenders that correspond with a severity of punishment, and has specified that once a defendant is proven to be habitual, his punishment shall be either 25-99 years in prison or life. This is an important issue of statutory construction and legislative intent that should be, but has not been, decided by this Court.

**Question 2**: Did the Ninth Court err by not reforming Petitioner's judgment that reflects his two fines are running consecutively to each other, when they should run concurrently pursuant to TEXAS PENAL CODE 3.03(a), even though there is no explicit cumulation order stacking his fines?

**Reason for Granting Review 1:** An issue has arisen concerning the procedural application of *Crook v. State*, 248 S.W.3d 172 (Tex. Crim. app. 2008) that has not been decided, but should be, by this Court.

**Reason for Granting Review 2:** The Ninth Court's holding creates a split between the other two appellate courts that have decided a substantially similar issue.

**For Cause No. 09-14-00411-CR (Count 2 only):**

**Question 3**: Did the Ninth Court err by holding that the facts used to prove that an object becomes a deadly weapon can also be used to infer that the use then facilitated the possession? Also, did the Ninth Court err by upholding the deadly weapon finding for a mere possession charge by cross-applying the facts from Petitioner's second conviction that did legitimately support a deadly weapon finding?

**Reason for Granting Review 1:** The Ninth Court's decision to uphold the deadly weapon finding by using the facts that proved the object was deadly possibly misinterprets this Court's holdings in *Ex Parte Petty*, 833 S.W.2d 145 (Tex. Crim. App. 1992) and its progeny, and also presents a question that should be, but has not been, decided by this Court.

**Reason for Granting Review 2:** The Ninth Court's decision to cross-apply the facts supporting the deadly weapon finding from the aggravated assault conviction to support the finding for the DWPI

4

conviction is a similar issue that has been presented in other appeals courts that have reached split results, and presents a question that should be, but has not been, decided by this Court.

## RELEVANT FACTS

Petitioner was incarcerated in the Texas Department of Corrections when he was charged with Aggravated Assault with a Deadly Weapon on a Public Servant and Possession of a Deadly Weapon in a Penal Institution. (CR 5)(Count 1);(CR 5)(Count 2). It was alleged that on or about September 4, 2012, Petitioner freed one of his hands from his handcuffs, and when the victim, a correctional officer at the Stiles Unit, opened the door to Petitioner's cell, Petitioner stabbed the victim in the eye with a pencil. (4 RR 81-86). Petitioner was found guilty on both counts. (5 RR 114).

The State originally pled that Petitioner had several prior convictions in order to enhance his sentence. (2 RR 5-6). However, because Petitioner was already serving what would essentially amount to a life sentence in prison, the State realized that the only true way to punish Petitioner was monetarily. (2 RR 6). The State then abandoned all of the enhancements except for one so Petitioner's DWPI offense would be enhanced from a third degree to a second degree felony under Texas Penal Code §12.42(a), and his aggravated assault offense would be punishable as a repeat offender under §12.42(c), since both sections authorize fines. (2 RR 6). Fines are not

5

authorized as part of punishment under Texas Penal Code §12.42(d), the habitual offender provision. *Dolph v. State*, 440 S.W.3d 898, 908 (Tex. App. – Texarkana [6th Dist.] 2013).

Petitioner himself proffered the convictions the State had abandoned, which the State ultimately joined in offering. (5 RR 79). The State's intention was to reintroduce the prior convictions anyway so the jury could consider them in assessing punishment in the range provided for in §12.42(a) and (c). (2 RR 6). Petitioner then asked that he be sentenced under §12.42(d) because not only had the State proved his prior convictions up by introducing them for sentencing purposes, but because the defense also proved them up. (5 RR 81).

The trial court noted that the issue was "novel, unique, and a first impression," but decided that because the State has prosecutorial discretion when it decides which offenses to charge, it also could choose not to pursue a habitual offender finding. (4 RR 84-85). The trial court also determined that the State could prove up prior convictions for different purposes. (4 RR 85). The trial court then ordered the two prison terms to run concurrently and, it appears, the two fines to run consecutively. (5 RR 121).

Petitioner then appealed to the Ninth Court of Appeals in Beaumont. The case was submitted the same day oral argument was heard on February

6

4, 2015, and the decision was handed down in an unpublished opinion on October 14, 2015. *Barrera*, 2015 Tex. App. LEXIS 10521. The Ninth Court held that Petitioner was properly punished under Texas Penal Code §12.42(a) and (c) because there was a "…a pleading, a plea, and proof of a single prior felony conviction" and noted that "'[a]mong the available strategies for the state is an election not to pursue enhancements.'" *Id*. at *6 (citing *Marshall v. State*, 185 S.W.3d 899, 903 (Tex. Crim. App. 2006)). The Ninth Court also held that because there was no cumulation order expressly stacking the fines on the face of Petitioner's judgments, there was no error that could be reformed. *Id*. at *8. In the third issue, the Ninth Court held that because the "evidence did not show mere possession of a deadly weapon," the deadly weapon finding was proper. *Id*. at *12.

## ARGUMENT

**For Cause Nos. 09-14-00410-CR *and* 09-14-00411-CR (Counts 1 *and* 2):**

**Question 1**: Did the Ninth Court err when it held that Petitioner was properly punished under TEXAS PENAL CODE §12.42(a) and (c), even though Petitioner proved up and pleaded true to his prior convictions and requested he be punished under §12.42(d) instead?

> **Reason for Granting Review 1:** The Legislature has created classes of offenders that correspond with a severity of punishment, and has specified that once a defendant is proven to be habitual, his punishment shall be either 25-99 years in prison or life. This is an

important issue of statutory construction and legislative intent that should be, but has not been, decided by this Court.

Texas Penal Code §12.42(d) states:

> ***If it is shown*** on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction ***he shall be punished*** by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. (emphasis added).

This Court has already determined that the language of Texas Penal Code §12.42(d) is "clear, instructive, and mandatory." *State v. Allen*, 865 S.W.2d 472, 474 (Tex. Crim. App. 1993)(holding that the trial court could not override the mandatory provision of §12.42(d) in favor of a discretionary sentencing provision available in §12.44(a)). Back when §12.42(d) only authorized a life sentence, rather than the current punishment range, this Court noted that once prior convictions are proven in accordance with §12.42(d), a trial court could dismiss the jury right then and there and assess the life punishment. *Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981); *see also State v. Garza*, 824 S.W.2d 324 (Tex. App. – San Antonio [4th Dist.] 1992, pet. ref'd, June 3, 1992). The plain language of §12.42(d)

8

indicates that any authority of the prosecution, judge, and jury are all confined to its mandatory language.

In the case at hand, the issue is whether §12.42(d) is still mandatory when the defense asks for the instruction, rather than the State. That is, can a defendant be sentenced under §12.42(d) by either asking for the instruction after the State proves up the prior convictions, or by proving them up himself? In its decision, the Ninth Court of Appeals noted that "'[T]the State may, with the permission of the trial court, 'dismiss, waive or abandon a portion of the indictment.'" *Barrera*, 2015 Tex. App. LEXIS 10521, at *6 (citing *Garland v. State*, 170 S.W.3d 107, 111 (Tex. Crim. App. 2005)(quoting *Ex Parte Preston*, 833 S.W.2d 515, 517 (Tex. Crim. App. 1992)). The Ninth Court also pointed out that the State can choose not to pursue enhancements as part of its strategy in trying the case. *Id*.

The State has always had the right to plead or abandon enhancements and exercise discretion in choosing which charges to bring and what evidence to introduce. However §12.42(d) is the legislator's attempt to create classes of offenders that it has determined should be punished in specific ways, and therefore curbs discretion to the sentencing authority throughout Chapter 12 of the Texas Penal Code. *See Garza*, 824 S.W.2d at 327 ("We note that this section refers to particular and specific offenses

9

which the legislature has deemed inappropriate for probation."). This issue therefore begs the question: how far does prosecutorial discretion extend into sentencing when the legislature has mandated a range of punishment for certain offenders?

Section 12.42(d)'s language only requires that once "it is shown" the defendant has the requisite prior convictions, he shall be punished under §12.42(d). *See Allen*, 865 S.W.2d at 473 ("…this court determined that the language of Section 12.42(d) expresses the legislative intent that upon proof of certain criteria, the habitual offender statute dictates its mandatory operation")(referencing *Harvey v. State*, 611 S.W.2d 108 (Tex. Crim. App. 1981). Therefore, the plain language of §12.42(d) appears to open it up to either the State or the defendant to prove prior enhancements to obtain the appropriate sentencing range in which to instruct the jury, and would better effectuate the legislator's intent. *See Allen*, 865 S.W.2d 474 (holding that "[o]nce the two prior felony convictions are found to be true, the mandatory operation of §12.42(d) restricts the discretion of the sentencing authority."). Because Chapter 12 of the Texas Penal Code is such a significant component of the criminal trial, Petitioner asks this Court to grant review of this issue of first impression because it regards an important question of

10

statutory construction, legislative intent, and the role of prosecutorial discretion in sentencing.

**Question 2:** Did the Ninth Court err by not reforming Petitioner's judgment that reflects his two fines are running consecutively to each other, when they should run concurrently pursuant to TEXAS PENAL CODE 3.03(a), even though there is no explicit cumulation order stacking his fines?

In his appeal, Petitioner contended that no fine at all was authorized by law because he was proven to be a habitual offender. However, if the fine was authorized by law, Petitioner contends that the fine in Count 1 should run concurrently to the fine in Count 2, rather than consecutively, since Petitioner's two convictions arose out of the same criminal episode. TEX. PEN. CODE §3.03(a).

> **Reason for Granting Review 1:** An issue has arisen concerning the procedural application of *Crook v. State*, 248 S.W.3d 172 (Tex. Crim. App. 2008) that has not been decided, but should be, by this Court.

> **Reason for Granting Review 2:** The Ninth Court's holding creates a split between the other two appellate courts that have decided a substantially similar issue.

In a plurality decision by this Court, it was held that "…the concurrent fines provision of Section 3.03(a) applies to the entire sentence, including fines." *State v. Crook*, 248 S.W.3d 172, 177 (Tex. Crim. App. 2008). Pursuant to *Crook*, when a defendant is assessed two fines to run concurrently, a dollar paid on one will therefore be payment in satisfaction

11

of both. Petitioner's case at hand presents a twist on the *Crook* scenario because there was no express cumulation order included in the judgments outright stating that the two $10,000 fines would run consecutively, yet there were two separate orders to withdraw funds incorporated into each judgment. (CR 145)(Count 1);(CR 148-49(Count 2) This is a problem because very often a jury will have the authority to impose fines on multiple counts, yet the Texas Department of Criminal Justice (TDCJ) is still likely to treat them as running consecutively because there are two separate orders.

In Petitioner's case, the record reflects that the trial court intended for the two fines to run concurrently. (5 RR 121). That the two judgments each expressly incorporate separate orders to withdraw funds (and only one has court costs) reflects this intention, as well. (CR 145)(Count 1);(CR 148-49)(Count 2). However, whether the trial court intended for the fines to run consecutively or whether the judgment will cause TDCJ to treat them as consecutively may not matter, as the solution is the same.

Similar situations have been recently addressed by at least two other courts of appeals, an indicator that there is misunderstanding in the trial courts as to how the principle from *Crook* can be properly applied on two separate judgments. *See Aldana v. State*, 2015 Tex. App. LEXIS 4985 (Tex. App. 8th Dist. – El Paso, 2015)(not designated for publication) and *Habib v.*

12

*State*, 431 S.W.3d 737, Tex. App. LEXIS 4672 (Tex. App. 7th Dist. – Amarillo, 2014).

Similar to Petitioner, in both the *Aldana* and *Habib* cases, there appeared to be no express order cumulating the two fines. The appellate courts in the other two cases exercised their authority to delete the fine from one of the judgments to ensure the appellant would only have to pay one fine in satisfaction of both. The Ninth Court declined to do so, however. *Barrera*, 2015 Tex. App. LEXIS 10521, at *8.

Petitioner presented the *Aldana* and *Habib* cases to the Ninth Court of Appeals in his Motion for Rehearing, which was overruled on October 29, 2015. The Ninth Court's decision has now created a split in how this scenario should be treated. This issue is important to review because it is highly likely a trial court might not think about the implications of including two separate orders to withdraw funds when the fines should run concurrently, and the appellate courts are now split on how to address this issue, resulting in an uneven application of the law.

**For 09-14-00411-CR (Count 2 only):**

**Question 3:** Did the Ninth Court err by holding that the facts used to prove that an object becomes a deadly weapon can also be used to infer that the use then facilitated the possession? Also, did the Ninth Court err by upholding the deadly weapon finding for a mere possession charge by cross-applying

the facts from Petitioner's second conviction that did legitimately support a deadly weapon finding?

Petitioner was charged with DWPI, which is committed if:

> …while confined in a penal institution, [one] intentionally, knowingly, or recklessly:
>
> > (1) carries on or about his person a deadly weapon; or
> > (2) possesses or conceals a deadly weapon in the penal institution.

TEX. PEN. CODE. 46.10(a). Petitioner was charged with subsection (2) of this offense, in that he "possesse[d]….a deadly weapon in the penal institution." *Id*. The trial court entered an affirmative finding of a deadly weapon on both of Petitioner's judgments. (CR 145)(Count 1);(CR 148)(Count 2). Petitioner concedes that the finding was appropriate for the aggravated assault count; however, because the Deadly Weapon in Penal Institution (DWPI) conviction is a mere possession offense, Petitioner argued on appeal that the deadly weapon finding should not stand. *Barrera*, 2015 Tex. App. LEXIS 10521, at *9.

The Ninth Court of Appeals held that Petitioner's "use of the pencil to stab D.L. facilitated his possession of a deadly weapon in a penal institution because that use made the object a deadly weapon[,]" and that the "use of the pencil…furthered the commission of the aggravated assault…a felony

14

offense facilitated by the possession, and distinct from the offense of possession itself." *Barrera*, Tex. App. LEXIS 10521, at *11-12.

> **Reason for Granting Review 1:** The Ninth Court's decision to uphold the deadly weapon finding by using the facts that proved the object was deadly possibly misinterprets this Court's holdings in *Ex Parte Petty*, 833 S.W.2d 145 (Tex. Crim. App. 1992) and its progeny, and also presents a question that should be, but has not been, decided by this Court.

The seminal case on deadly weapon findings issues is *Patterson v. State*, 769 S.W.2d 938 (Tex. Crim. App. 1989), and since that decision, the interpretation of a deadly weapon finding has generally expanded. *Plummer v. State*, 410 S.W.3d 855, 859 (Tex. Crim. App. 2013) (discussing *Patterson*). However, this Court has consistently "generally declined to uphold deadly-weapon findings when the weapon was present but did not facilitate a separate felony." *Id*. This principle originated in *Ex Parte Petty*, where the defendant was charged with unlawful possession of a handgun, and the trial court entered an affirmative finding that the defendant used or exhibited a deadly weapon during the commission of the offense. *Petty*, 833 S.W.2d 145. This Court correctly held that the trial court erred in entering the affirmative finding, holding that "the weapon was not 'used' in furtherance of any collateral felony." *Id*. This Court reasoned that the interpretation of "use" can only include "simple possession if such possession *facilitates* the *associated* felony." *Id*. (emphasis added). For

15

example, this Court has held that simple possession constituted "use" when a gun was possessed in order to protect a drug operation. *Coleman v State*, 145 S.W.3d 649, 352 (Tex. Crim. App. 2004) (upholding the deadly weapon finding on a possession with intent to deliver cocaine offense).

Similarly, in *Narron v. State*, the defendant was charged with possession of a prohibited weapon (short barrel firearm), and the trial court entered an affirmative weapon finding. *Narron v. State*, 835 S.W.2d 642, 643 (Tex. Crim. App. 1992). This Court deleted the finding, holding that the trial court erred because "there was no associated felony facilitated by appellant's possession of the short barrel firearm…" *Id*. at 644. In short, the underlying offense has to have elements requiring more than "mere possession" itself. *Petty*, 833 S.W.2d 145.

In *Petty* and its progeny, the cases dealt with an inherently deadly weapon, usually a gun. In Petitioner's case, however, the State had to prove up that the pencil was in fact a deadly weapon, because a pencil is an object not normally used as a weapon. The Ninth Court reasoned that because a pencil is normally a "harmless writing implement," it was Petitioner's specific "use" of the pencil that satisfied the requirement that it also "facilitated" the DWPI offense. Therefore, the question is whether the analysis is different once the State has to prove that an object was a deadly

16

weapon. It is very likely more scenarios will arise that involve what is otherwise a harmless object being utilized as a deadly weapon. This Court should settle whether the principal from *Petty* survives in this context.

> **Reason for Granting Review 2:** The Ninth Court's decision to cross-apply the facts supporting the deadly weapon finding from the aggravated assault conviction to support the finding for the DWPI conviction is a similar issue that has been presented in other appeals courts that have reached split results, and presents a question that should be, but has not been, decided by this Court.

The Ninth Court's holding presents another question: whether the facts that support one deadly weapon finding that is legitimately attached to one conviction can cross-over to a second offense to support the finding, when that second offense could not support the finding on its own. Petitioner contends that the affirmative finding is intended to be coupled with an accompanying felony, *i.e.*, the specific felony that the State alleges a deadly weapon was used or exhibited to facilitate, since that seems to best interpret the precedent of this Court. *See Narron*, 835 S.W.2d 644 ("...'use' of a deadly weapon …include[s] simple possession if such possession facilitates the *associated* felony") (original emphasis included). This theory is supported by an unpublished opinion out of the Third Court of Appeals. *See Harris v. State*, 1997 Tex. App. LEXIS 3299 (Tex. App. – Austin [3rd Dist.] 1997).

In *Harris*, the defendant was convicted for possession of a prohibited weapon and unlawful possession of a firearm by a felon, with affirmative findings of deadly weapon on each count. *Id.* at *1. The State argued that because the defendant "displayed and cocked a firearm in view of a victim, thus committing an aggravated assault by threat[,]" the deadly weapon findings were justified. *Id.* at *2. The Third Court reasoned, however, that because the State did not actually charge the defendant with "aggravated assault or any other felony offense in which he "used" the weapon," the judgments could not support a deadly weapon finding. *Id.* Even though Petitioner in the case at hand was actually charged with aggravated assault, by extension of the Third Court of Appeals' reasoning, only this conviction should support the deadly weapon finding. Petitioner contends that the words "associated felony" found in *Petty* and its progeny are interpreted to only refer to the actual underlying felony that the deadly weapon finding is attached to, rather than cross-applying the facts from one, separate offense to a mere possession offense to support the finding.

However, there is possible support for the Ninth Court of Appeals' theory from a case out of the First Court of Appeals in Houston in *Garner v. State*, 864 S.W.2d 92 (Tex. App. – Houston [1st Dist.] 1993, pet. ref'd). In *Garner*, the defendant was only charged with possession of a firearm by an

ex-felon, and an affirmative finding of a deadly weapon was included on the judgment. *Id.* at 95. The First Court of Appeals affirmed, holding that because the victim testified "that appellant fired the handgun toward [the victim] and others was sufficient evidence that appellant committed an associated collateral felony facilitated by his possession of the handgun," the deadly weapon finding was not error. *Id.* at 103; *see also Jurado v. State*, 2008 Tex. App. LEXIS 6245, at *6-7 (Tex. App. – Austin [3rd Dist.] 2008)(relying on *Garner* to hold there was more than mere evidence of possession when the gun was used to shoot the victim, even though defendant was found not guilty on that offense).

This theory is also potentially supported by the concurring opinion from *Tyra v. State* from this Court, where the *Garner* case was cited as a possible distinction from the *Petty* and *Narron* cases where the "offense was complete with the possession." *Tyra v. State*, 897 S.W.2d 796, 801 (Tex. Crim. App. 1995). These cases indicate that the Ninth Court's theory is gaining traction, but Petitioner contends that they depart from this Court's precedent in *Petty*, *Narron*, *Plummer*, etc. Further, because there is a split about how the issue may be treated in the different appellate courts, and a concurring opinion from this Court has spoken on this, Petitioner urges this

Court to consider these new yet repeatable circumstances of this deadly weapon finding issue.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that this Court grant discretionary review and, and after full briefing and argument on the merits, issue an opinion reversing the Court of Appeals' judgment.

Respectfully submitted,

/s/ Sarah Cathryn Brandon
STATE COUNSEL FOR
OFFENDERS
Sarah Cathryn Brandon
SBN:  24087203
P. O. Box 4005
Huntsville, TX 77342-4005
(936) 437-5291 Office
(936) 437-5293 Fax
Sarah.Brandon@tdcj.texas.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this *Appellant's Petition for Discretionary Review* was served upon opposing counsel noted below, by one or more of the following: certified mail (return receipt requested), facsimile transfer, or electronic mail (e-mail), this 23rd day of November, 2015.

Melinda Fletcher
Special Prosecution Unit
P. O. Box 1744
Amarillo, TX 79501
Facsimile no. 866-923-9253
E-mail address: mfletcher@sputexas.org

Lisa C. McMinn
State Prosecuting Attorney
PO Box 13046
Austin, TX 78711-3046
Facsimile no. 512-463-5724

/s/ Sarah Cathryn Brandon
Sarah Cathryn Brandon
Attorney for Petitioner

21

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i) because this brief contains 3,517 words.

/s/ Sarah Cathryn Brandon
Sarah Cathryn Brandon
Attorney for Petitioner

NO. _____

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

REY BARRERA
v.
THE STATE OF TEXAS

On Petition for Discretionary Review from
Appeal No. 09-14-00410-CR and 09-14-00411-CR
in the Ninth Supreme Judicial District of Texas
at Beaumont

**APPENDIX**

Ninth Court of Appeals Opinion and Judgment ..........................................Exhibit A

Affidavit of Indigency..............................................................................Exhibit B

Ninth Court of Appeals Opinion and Judgment ..........................................Exhibit A

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00410-CR
NO. 09-14-00411-CR
_____

**REY BARRERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 13-15829 (Counts 1 and 2)**

**MEMORANDUM OPINION**

A jury found Rey Barrera guilty of aggravated assault with a deadly weapon on a public servant (Count 1) and possession of a deadly weapon in a penal institution (Count 2). *See* Tex. Penal Code Ann. §§ 22.02(b)(2)(B), 46.10 (West 2011). The jury found Barrera to be a repeat offender and assessed punishment at life in prison and a $10,000 fine for Count 1 and twenty years in prison and a $10,000 fine for Count 2. The trial court ordered both sentences to commence after

1

the sentences imposed for his previous convictions have ceased to operate. *See* Tex. Code Crim. Proc. Ann. art. 42.08(a) (West Supp. 2014). On appeal, Barrera contends the fines were unauthorized by law. In the alternative, he contends the fines must run concurrently. Finally, Barrera challenges the affirmative finding of the use of a deadly weapon on the judgment for the possession offense. Finding no reversible error in this appeal, we affirm the trial court's judgment.

**Enhanced Punishment**

Issue one contends the trial court erred in allowing the jury to assess a fine as part of Barrera's punishment because the evidence established his status as a habitual offender. Section 12.42 of the Texas Penal Code describes the punishment range for habitual and repeat felony offenders on trial for a first, second, or third degree felony. Tex. Penal Code Ann. § 12.42 (West Supp. 2014). "[I]f it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the second degree." *Id.* § 12.42(a). A second degree felony is punished by "imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years." Tex. Penal Code Ann. § 12.33(a) (West 2011). "In addition to imprisonment, an individual adjudged guilty of a felony of the second degree may

2

be punished by a fine not to exceed $10,000." *Id.* § 12.33(b). "If it is shown on the trial" of a first degree felony that a person has a felony conviction that became final before the date of the charged offense, provisions similar to those found in section 12.42(a) establish a punishment range of "life, or for any term not more than 99 years or less than 15 years." *Id.* § 12.42(c)(1). "In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000." *Id.*

A different subsection of Section 12.42 applies when a person is found to be a habitual offender.

> [I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Tex. Penal Code Ann. § 12.42(d). The subsection that applies to habitual offenders does not authorize a fine. *See Ex parte Johnson*, 697 S.W.2d 605, 607-08 (Tex. Crim. App. 1985).

In this case, four enhancement paragraphs contained in the indictment alleged Barrera had previously been convicted in 2008 for committing aggravated assault with a deadly weapon, in 1997 for murder as well as attempted murder, and in 1986 for robbery. The State alleged the 1986 conviction became final before the

3

commission of the 1997 offenses, the 1997 convictions became final before the commission of the 2008 offense, and the 2008 conviction became final before the commission of the charged offenses. The State abandoned the first and fourth enhancement paragraphs, without an objection from the defense, in a pre-trial hearing. Before the punishment phase of the trial started, the State and the defense agreed to the State's abandonment of the paragraph alleging a 1997 conviction for attempted murder. Barrera made a plea of "true" to the single remaining enhancement paragraph.

A penitentiary packet admitted into evidence in the trial's punishment phase included: (1) a judgment on a conviction for murder, committed October 10, 1996, with a sentence of 65 years in prison and a $10,000 fine, commencing December 5, 1997; (2) a judgment on a conviction for attempted murder, committed October 10, 1996, with a sentence of 20 years in prison and a $10,000 fine, commencing December 5, 1997; (3) a judgment on a conviction for possession of a deadly weapon in a penal institution, committed on April 21, 2004, with a sentence of 3 years in prison imposed on April 1, 2005, and commencing when a 1997 sentence has ceased to operate; (4) a judgment on a conviction for aggravated assault with a deadly weapon, committed December 2, 2006, with a sentence of 50 years in prison imposed on October 22, 2008, and commencing when the 1997 sentence for

4

murder has ceased to operate; and (5) a judgment on a conviction for robbery, committed November 30, 1985, with a sentence of 10 years in prison imposed on May 12, 1986, and commencing November 30, 1985. Records from an El Paso County district court include a judgment of conviction for aggravated assault with a deadly weapon, committed October 10, 1996, with a sentence of 20 years in prison and a $10,000 fine, commencing December 5, 1997.

In the charge conference, Barrera argued that section 12.42(d) of the Texas Penal Code supplied the proper punishment range because the State and the defense proved two or more sequential prior final felony convictions during the punishment phase of the trial. *See generally* Tex. Penal Code Ann. § 12.42(d). The trial court denied the defense's request to submit a habitual offender charge to the jury. The jury charge required the jury to punish Barrera as a repeat offender based upon Barrera's plea of true to a single enhancement paragraph in the indictment.

Barrera argues application of habitual offender punishment under section 12.42(d) was mandatory in his cases because two sequential final felony convictions were "shown" on his trial. *See generally id.* The cases Barrera cites in his brief demonstrate that the mandatory application of section 12.42(d) occurs if there has been a plea of true by the defendant or a finding of true by the finder of fact. *See State v. Allen*, 865 S.W.2d 472, 473-74 (Tex. Crim. App. 1993) (section

5

12.42(d) applies when the State has proven the enhancement paragraphs and the factfinder has found the enhancement allegation to be true); *Harvey v. State*, 611 S.W.2d 108, 110-11 (Tex. Crim. App. 1981) (when the defendant pleads "true" to the State's enhancement allegation, the defendant cannot complain that the evidence is insufficient to support the finding and the trial court may charge the jury on the enhanced punishment range).

Due process requires reasonable notice and an opportunity to be heard relative to a recidivist charge. *Oyler v. Boles*, 368 U.S. 448, 452 (1962). Prior convictions used as enhancements must be pleaded in some form, and they may be pleaded in an indictment. *Brooks v. State*, 957 S.W.2d 30, 33-34 (Tex. Crim. App. 1997). "[T]he State may, with the permission of the trial court, 'dismiss, waive or abandon a portion of the indictment.'" *Garland v. State*, 170 S.W.3d 107, 111 (Tex. Crim. App. 2005) (quoting *Ex parte Preston*, 833 S.W.2d 515, 517 (Tex. Crim. App. 1992)). "Among the available strategies for the state is an election not to pursue enhancements." *Marshall v. State*, 185 S.W.3d 899, 903 (Tex. Crim. App. 2006). In this case, the record contains a pleading, a plea, and proof of a single prior final felony conviction. Accordingly, Barrera was properly punished as a repeat felony offender. *See* Tex. Penal Code Ann. § 12.42(c)(1). We overrule issue one.

**Concurrent Fines**

Issue two contends the trial court erred in allowing consecutive fines where the sentences were ordered to be served concurrently. Barrera was tried in a single criminal action for offenses arising out of the same criminal episode. *See* Tex. Penal Code Ann. § 3.03(a) (West Supp. 2014). Fines which are part of concurrent sentences "run" concurrently. *State v. Crook*, 248 S.W.3d 172, 174, 177 (Tex. Crim. App. 2008) (plurality opinion). "An individual sentence assessed . . . within the applicable range of punishment is not rendered illegal by the entry of an unlawful cumulation order." *Beedy v. State*, 250 S.W.3d 107, 114 (Tex. Crim. App. 2008). An unlawful cumulation order is remedied by reforming the judgment to set aside the order. *Id.* at 113.

Barrera argues that the fine recited in the judgment for Count 2 must be deleted from the judgment because the sentences for aggravated assault on a public servant and possession of a deadly weapon in a penal institution are to be served concurrently. The remedy Barrera seeks is not that his fines "run concurrently," but that one of the fines not be imposed at all, contrary to the jury's verdict. Deciding what punishment to assess within the statutorily prescribed range for a given offense and deciding whether to cumulate sentences are two distinct functions. *See Barrow v. State*, 207 S.W.3d 377, 379-80 (Tex. Crim. App. 2006). The jury's

decision whether to assess a particular punishment in a particular case has no bearing on the judge's decision whether to cumulate the sentence. *Id.* To determine whether the judgment properly states that the sentence for Barrera's conviction for aggravated assault on a public servant will be served concurrently with his sentence for possession of a deadly weapon in a penal institution, we look not to the part of the judgment that recites the sentence, but to the part of the judgment memorializing the cumulation order. *See* Tex. Code Crim. Proc. Ann. art. 42.01, § 1(9), (15), (19) (West Supp. 2014).

The cumulation orders contained in the judgments at issue here state that the sentence shall commence when the judgments and sentences have ceased to operate in Barrera's 2008 convictions for aggravated assault with a deadly weapon and assault of a public servant. *See* Tex. Code Crim. Proc. Ann. art. 42.08(a). A statement that a sentence has been cumulated under article 42.08 is properly included on a judgment. *See id*. art. 42.01, § 1(19). Because no other cumulation order appears on either judgment, and Barrera does not contend that the sentences in this case cannot be cumulated on the sentences identified in the judgments, we find no error on the face of the judgment requiring reformation of the judgment on appeal. We overrule issue two.

8

## Deadly Weapon Finding

Issue three contends the trial court erred in allowing the jury to make an affirmative finding of the use or exhibition of a deadly weapon in the charge for possession of a deadly weapon in a penal institution. He argues the weapon was present but did not facilitate a separate felony. *See Plummer v. State*, 410 S.W.3d 855, 859-60 (Tex. Crim. App. 2013) ("However, we have declined to uphold deadly-weapon findings when the weapon was present but did not facilitate a separate felony.").

The indictment in this case alleged, in part:

REY BARRERA, hereinafter styled Defendant, on or about the 4th day of September, 2012, and before the presentment of this indictment, in the County and said State aforesaid, did:
### COUNT ONE
then and there intentionally, knowingly, or recklessly cause bodily injury to [D.L.], by stabbing [D.L.] with a pencil, and the Defendant did then and there know that the said [D.L.] was a public servant in the lawful discharge of an official duty, to-wit: Correctional Officer, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a pencil, during the commission of said assault;
### COUNT TWO:
then and there, while confined in a penal institution, intentionally or knowingly possess or conceal in said penal institution a deadly weapon, to-wit: a pencil, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a pencil, during the commission of said possession or concealment of a deadly weapon in a penal institution[.]

The jury charge informed the jury that "[a] person commits an offense if, while confined in a penal institution, (s)he intentionally or knowingly possesses or conceals a deadly weapon in the penal institution." *See generally* Tex. Penal Code Ann. § 46.10. One of the definitions included in the charge stated: "Deadly weapon means[:] (1) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (2) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *See generally* Tex. Penal Code Ann. § 1.07(17) (West Supp. 2014).

The application paragraph for Count 1 stated, as follows:

> Now, as to Count 1 of the Indictment, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about September 4, 2012, the defendant Rey Barrera, did then and there intentionally, knowingly, or recklessly cause bodily injury to [D.L.], by stabbing [D.L.] with a pencil, and the Defendant did then and there know that the said [D.L.] was a public servant in the lawful discharge of an official duty, to-wit: Correctional Officer, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a pencil, during the commission of said assault, you shall find the defendant GUILTY of the offense of Aggravated Assault with a Deadly Weapon on a Public Servant.

The application paragraph for Count 2 stated, as follows:

> Now, as to Count 2 of the Indictment, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about September 4, 2012, the defendant Rey Barrera, did then and there, while confined in a penal institution, intentionally or knowingly possess or conceal in said penal institution a deadly weapon, to-wit: a pencil, and the defendant did then and there use or

10

exhibit a deadly weapon, to-wit: a pencil, during the commission of said possession or concealment of a deadly weapon in a penal institution, you shall find the defendant GUILTY of the offense of Deadly Weapon in a Penal Institution.

"[I]n order to 'use' a deadly weapon for affirmative finding purposes, the weapon must be utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct from 'mere' possession." *Narron v. State*, 835 S.W.2d 642, 644 (Tex. Crim. App. 1992). We give "use" its broadest possible understanding. *Tyra v. State*, 897 S.W.2d 796, 797 (Tex. Crim. App. 1995). In this case, the jury considered evidence that Barrera stabbed D.L. in the lower outside portion of his left eye with the pencil, penetrating to the brain and damaging three of the cranial nerves, leaving D.L. completely and most likely permanently blind in that eye. The charge authorized the jury to convict Barrera only if it found that he used or exhibited a pencil, which in the manner of its use by Barrera was capable of causing death or serious bodily injury. To support a deadly weapon finding, there must be a facilitation purpose between the weapon and the associated felony offense. *Plummer*, 410 S.W.3d at 856. Such a facilitation purpose is present in this case because Barrera used what would otherwise have been a harmless writing implement to stab D.L. in the eye, blinding him. Barrera's use of the pencil to stab D.L. facilitated his possession of a deadly weapon in a penal institution because that use made the object a deadly weapon. Additionally, Barrera's use of the pencil

11

to stab D.L. furthered the commission of the aggravated assault on a public servant, a felony offense facilitated by the possession, and distinct from the offense of possession itself. *See id*. at 865. The evidence did not show mere possession of a deadly weapon. We overrule issue three and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice


Submitted on February 5, 2015
Opinion Delivered October 14, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

12

# IN THE NINTH COURT OF APPEALS

09-14-00411-CR

Rey Barrera
v.
The State of Texas

On Appeal from the
Criminal District Court of Jefferson County, Texas
Trial Cause No. 13-15829 (Count 2)

## JUDGMENT

THE NINTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be affirmed. IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that the judgment of the trial court is affirmed.

Opinion of the Court delivered by Justice Charles Kreger

October 14, 2015

**AFFIRMED**

\*\*\*\*\*\*\*\*\*\*

Copies of this judgment and the Court's opinion are certified for observance.

Carol Anne Harley
Clerk of the Court

# IN THE NINTH COURT OF APPEALS

09-14-00410-CR

Rey Barrera
v.
The State of Texas

On Appeal from the
Criminal District Court of Jefferson County, Texas
Trial Cause No. 13-15829 (Count 1)

## <u>JUDGMENT</u>

THE NINTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be affirmed. IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that the judgment of the trial court is affirmed.

Opinion of the Court delivered by Justice Charles Kreger

October 14, 2015

### **AFFIRMED**

\*\*\*\*\*\*\*\*\*\*

Copies of this judgment and the Court's opinion are certified for observance.

Carol Anne Harley
Clerk of the Court

Affidavit of Indigency..........................................................................Exhibit B

CAUSE NO. 13-15829

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| v | § | JEFFERSON COUNTY, TEXAS |
| REY BARRERA | § | CRIMINAL JUDICIAL DISTRICT |

## DECLARATION OF INABILITY TO PAY COST

Now respectfully comes Rey Barrera, TDCJ#00815516, pursuant to Texas Rule of Appellate Procedure 20.2 and declares that I am unable to pay the court costs in this action and requests leave of the Court to proceed in forma pauperis in this accompanying criminal action and would show the Court the following:

(1) I am presently incarcerated in the Polunsky Unit of the Texas Department of Criminal Justice-Institutional Division where I am not permitted to handle money.

(2) I have no source of employment nor government-entitlement income.

(3) I am not married/I am married, however, I have no spousal income available to me.

(4) I currently have $ 9¢ credited to me in the Inmate Trust Fund, or any other checking or savings account.

(5) I neither own nor have an interest in any realty, stocks, bonds, or bank account and I receive no interest or dividend income from any source.

(6) I have no other assets.

(7) I have  no  dependents.

(8) I have total debts of approximately $20,359.00 .

(9) My monthly expenses are approximately $ – O– .

(10) I have no ability to obtain a loan for court costs.

(11) My attorney is providing free legal services without a contingent fee.

(12) My attorney has not agreed to pay or advance court costs.

I, Rey Barrera, TDCJ #00815516, being presently incarcerated in the Texas Department of Criminal Justice-Institutional Division, verify and declare under penalty of perjury that the foregoing statements are true and correct. Executed on this the 30th day of July 2014 .

X *Rey David Barrera*

**Rey Barrera, TDCJ#00815516**